**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| MARY GARRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:12-CV-139 (WLS) |
| | : | |
| WALGREEN CO., | : | |
| | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Defendant Walgreen Co.'s Motion to Dismiss (Docs. 8, 23).  Defendant Walgreen Co. moves to dismiss Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e *et seq.* and the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, for Plaintiff's failure to exhaust administrative remedies.  (*Id.*)  For the following reasons, Defendant Walgreen Co.'s Motion to Dismiss (Docs. 8, 23) is **GRANTED**.

## I.   RELEVANT PROCEDURAL and FACTUAL BACKGROUND

On September 12, 2012, Plaintiff filed a Complaint in the above-captioned matter, asserting claims under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981a [sic], and the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*  Plaintiff began her employment with Walgreens on or about March 12, 2008.  (Doc. 1 ¶ 6.)  Plaintiff was terminated by Walgreens on December 26,

2008.[1]  (Doc. 8-1 at 2.)   Plaintiff first filed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") on January 19, 2010, alleging that she was discriminated against on the basis of her sex, disability, and color.[2]  (Doc. 23-1.) Plaintiff filed her Charge of Discrimination with the EEOC on April 2, 2010, alleging that she was discriminated against on the basis of her race and disability.   (Doc. 8-2.) Despite personnel records showing that Plaintiff was terminated December 2008, Plaintiff alleged in both her Questionnaire and Charge that she was discharged on December 18, 2009.  (Docs. 8-2, 23-1.)

    In the instant motion, Defendant alleges that because Georgia is a nondeferral state where the 180-day time period for filing a charge of discrimination with the EEOC applies, and therefore the deadline for Plaintiff's charge expired on June 24, 2009, Plaintiff's Title VII and ADA claims should be dismissed.  Plaintiff initially contended that dismissal is not warranted because her Intake Questionnaire is dated May 23, 2009. (Doc. 13.)   However, after Defendant supplemented its Motion to Dismiss with a file-stamped copy of Plaintiff's Questionnaire indicating that it was not filed with the EEOC until January 19, 2010 (Doc. 23-1), Plaintiff filed no substantive response in further opposition to the dismissal of her Title VII and ADA claims (*see* Doc. 28).

    As for her 42 U.S.C. § 1981 claim, in her response in opposition to Defendant's Motion to Dismiss, Plaintiff states that she incorrectly stated that her race

[1] Information regarding Plaintiff's date of termination is found in Plaintiff's Employee Information Form that Defendant attached as an exhibit to its Motion to Dismiss.  The Court can consider this document without converting Defendant's motion to dismiss to a motion for summary judgment because Plaintiff's date of termination is central to her Title VII, § 1981, and ADA claims.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.") (citations omitted).
[2] Plaintiff's Intake Questionnaire and EEOC charge can also be considered by the Court as documents "central to Plaintiff's claims."  *See supra* n.1; *see also Arnold v. UPS, Inc.*, No. 7:11-cv-118, 2012 WL 1035441, at *1 (M.D. Ga. Mar. 27, 2012) (incorporating by reference plaintiff's EEOC charge).

2

discrimination claim was being brought pursuant to 42 U.S.C. § 1981a, when in actuality, she intended to file her claim pursuant to 42 U.S.C. § 1981(a). In response to this clarification, Defendant has not alleged that this claim should be dismissed.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but we are not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). The Supreme Court instructs that while on a

Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint.)   In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.**   <u>**Analysis**</u>

A plaintiff may not sue under Title VII or the ADA unless she first exhausts administrative remedies by filing a timely charge of discrimination with the EEOC. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir.2001) (Title VII); *Brewer v. Alabama*, 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2008) (ADA) ("The ADA has incorporated Title VII's administrative filing requirements.") (citing 42 U.S.C. § 12117(a).   As noted above, Plaintiff was terminated on December 26, 2008.  Plaintiff does not contest that her Intake Questionnaire and Charge of Discrimination were filed with the EEOC on January 19, 2010, and April 2, 2010, respectively.  (Docs. 13, 28.)  In a nondeferral state, such as Georgia, a charge of discrimination is timely if it is filed within 180 days after the alleged act of discrimination. *See Sheffield v. UPS, Inc.*, 403 F. App'x 452, 455 n.2 (11th Cir. 2010).  The 180-day window within which to file Plaintiff's charge of discrimination expired on June 24, 2009.  Neither of Plaintiff's submissions to the EEOC meet this deadline.  Plaintiff's failure to file her EEOC charge within the 180-day period, coupled with her failure to allege any equitable exceptions, dictate that her claims be dismissed as time barred. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 662

(11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994).  Accordingly, Defendant Walgreen Co.'s Motion to Dismiss (Docs. 8, 23) is **GRANTED** as to Plaintiff's Title VII and ADA claims.

## CONCLUSION

For all of the above reasons, Defendant Walgreen Co.'s Motion to Dismiss (Docs. 8, 23) is **GRANTED.**  Plaintiff's Title VII and ADA claims are dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff may only proceed on her 42 U.S.C. § 1981(a) claims.

**SO ORDERED**, this __9th__ day of July, 2013.

/s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

5